# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIGAL CHATTAH,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES E. WILSON,
DISTRICT JUDGE,
Respondents,
  and
BARBARA K. CEGAVSKE, IN HER
CAPACITY AS NEVADA SECRETARY
OF STATE; AND JOHN T. KENNEDY,
AN INDIVIDUAL,
Real Parties in Interest.

No. 85298

FILED

SEP 1 2 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order denying an application for a temporary restraining order and motion for preliminary injunction in an action challenging a candidate's qualifications for the Office of Attorney General. Petitioner requests relief by September 15, 2022.

The writs that petitioner seeks generally are not available when the petitioner has a plain, speedy, and adequate remedy at law. NRS 34.170 (mandamus); NRS 34.330 (prohibition); *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 679-80, 476 P.3d 1194, 1196 (2020) (discussing adequate remedies that preclude writ relief in the context of resolving a petition for a writ of mandamus). Here, petitioner has another remedy at

SUPREME COURT
OF
NEVADA

(O) 1947A

22-28444

law. The order she challenges was *immediately* appealable under NRAP 3A(b)(3) because it "refus[es] to grant an injunction." Thus, the circumstances here are unlike other cases where this court has entertained a writ petition even though another remedy was available. *See, e.g., D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736 (2007) (explaining that "[w]hether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented" and concluding that "an eventual appeal" many years later would be "neither a speedy nor adequate remedy" when the issue involved pre-litigation notice of construction defects meant to prevent litigation altogether and the case had already been pending in district court for more than two years); *Falcke v. Douglas County*, 116 Nev. 583, 586-87, 3 P.3d 661, 662-63 (2000) (recognizing that petitioner could have sought relief through declaratory relief action but concluding that the case presented urgent and important issues of law that should be addressed via a writ petition to avoid further delay). And petitioner has filed a notice of appeal from the district court's order, which has been docketed in this court as *Chattah v. Cegavske*, No. 85302. She can request an expedited briefing schedule in that appeal to the extent one is warranted. *See* NRAP 2 ("On the court's own or a party's motion, the court may—to expedite its decision or for other good cause—suspend any provision of these Rules in a particular case and order proceedings as the court directs . . . .").

Because petitioner has a speedy and adequate remedy at law, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. James E. Wilson, District Judge
       Joey Gilbert Law
       Attorney General/Las Vegas
       Gallian Welker & Beckstrom, LC/Las Vegas
       Carson City Clerk